# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DOUG SCHEIDT,

    Plaintiff,

vs.                               No. CIV 00-0027 JC/WWD

STATE OF NEW MEXICO,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendant's Motion to Dismiss, filed February 11, 2000 *(Doc. 6)*. In addition to responding to this motion to dismiss, Plaintiff includes in his response a motion for summary judgment and asks that in the alternative the Court excuse Defendant from participation in this action and address the matters before it "*ex rel. in rem*." An "*ex rel. in rem*" suit, however, is inappropriate in this case. *See* BLACK'S LAW DICTIONARY 603, 797 (7th ed.1999) (definitions of *ex rel.* and *in rem*).

**I.**     **Background**

This suit is brought by a *pro se* plaintiff who seeks declaratory relief that he has a right to travel by automobile without obtaining a driver's license from the State of New Mexico or any other state. Plaintiff maintains that he cannot obtain a driver's license because he does not have a social security number, a prerequisite to obtaining a driver's license in New Mexico. *See* NMSA 1978, § 66-5-9(B) (1978), as amended in 1991. Plaintiff apparently has no intention of applying for a social security number. At this time, Plaintiff has an appeal pending before the New Mexico Court of

Appeals which raises the same kind of issues raised in this lawsuit. Defendant asks the Court to dismiss the lawsuit based upon Eleventh Amendment immunity, *Younger* abstention, and Plaintiff's failure to state a claim upon which relief can be granted under FED. R. CIV. P. 12(b)(6).

## II.     Eleventh Amendment Immunity

The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or Citizens or Subjects of any Foreign State." The Eleventh Amendment bar to suit in federal court is, however, not absolute. States may consent to suit in federal court, and, in certain cases, the United States Congress may explicitly abrogate state immunity in a particular area. *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990). Construing Plaintiff's claim as a civil rights action brought under 42 U.S.C. § 1983, the Court notes that Congress has not abrogated the States' Eleventh Amendment immunity from such a suit and New Mexico has not consented to be sued in federal court on such a matter. *See Archuleta v. Lacuesta*, 131 F.3d 1359, 1361 (10th Cir. 1997). Furthermore, the State cannot waive its sovereign immunity by participating in a given activity such as licensing drivers. *See, e.g., College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 119 S. Ct. 2219, 2226 (1999). That being so, I find that Defendant is entitled to Eleventh Amendment immunity.

## III.    The *Younger* Abstention Doctrine

Defendant next asks this Court to abstain from exercising jurisdiction over this case on the grounds of comity. *See Younger v. Harris*, 401 U.S. 37 (1971). As the Supreme Court has stated numerous times, "[i]t is axiomatic . . . that '[a]bstention from the exercise of federal jurisdiction is the exception, not the rule.' Abstention rarely should be invoked, because the federal courts have a

'virtually unflagging obligation . . . to exercise the jurisdiction given them.'" *Ankenbrandt v. Richards*, 504 U.S. 689, 705 (1992) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U. S. 800, 813, 817 (1976)). On occasion, the principles of comity and federalism do require a federal court to abstain from exercising jurisdiction in a case otherwise properly before it. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 723 (1996). A federal court abstains from exercising jurisdiction when 1) there is an ongoing state criminal, civil, or administrative proceedings, 2) the state court offers an adequate forum to hear the federal plaintiff's claims from the federal lawsuit, and 3) the state proceeding involves important state interests and matters which traditionally look to state law for their resolution or implicate separately articulated state policies. *Taylor v. Jacquez*, 126 F.3d 1294, 1297 (10th Cir. 1997), *cert. denied*, 523 U.S. 1005 (1998) (citing *Seneca-Cayuga Tribe of Okla. v. State of Okla. ex rel. Thompson*, 874 F.2d 709, 711 (10th Cir.1989)). "*Younger* abstention is not discretionary once the above conditions are met absent extraordinary circumstances that render a state court unable to give state litigants a full and fair hearing on their federal claims." *Seneca-Cayuga Tribe of Okla.*, 874 F.2d at 711 (internal citations omitted).

In this case, there is an ongoing state proceeding addressing the same basic issue presented in this lawsuit. Plaintiff suggests that the state proceedings are private in nature and so *Younger* abstention cannot apply. The state case, however, is not private in nature since the State brought the complaint against Plaintiff. Furthermore, even if private litigation was involved, *Younger* abstention can nonetheless apply if there is a sufficient state interest in the state litigation. *Morrow v. Winslow*, 94 F.3d 1386, 1397 (10th Cir. 1996), *cert. denied*, 520 U.S. 1143 (1997). In this instance, it is appropriate that the State address issues which concern the application of state law namely,

NMSA 1978, § 66-5-9(B), and implicate the state's traditional authority to issue driver's licenses. *See Miller v. Malloy*, 343 F. Supp. 46, 50 (D.Vt. 1972) ("It cannot be doubted that the State's protection of its motor vehicle operators, pedestrians, auto and bus passengers and other highway users is a legitimate state interest. . . ."); *Johnson v. Sanchez*, 67 N.M. 41, 48, 351 P.2d 449, 453 (1960) (driver's license "is subject to reasonable regulation under the [state's] police power in the interest of public safety and welfare"). The state court is also an adequate forum to hear any federal issues Plaintiff wishes to raise. Additionally, the Court notes that Plaintiff has failed to present any extraordinary reason for not applying *Younger* abstention. For these reasons, I find that the *Younger* abstention doctrine should apply in this matter.

## IV.    Rule 12(b)(6):  Failure to State a Claim

In considering a motion to dismiss under Rule 12(b)(6), the pleadings must be liberally construed, all factual allegations in the complaint must be accepted as true, and all reasonable inferences drawn in the plaintiff's favor. *See Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). Therefore, for the purposes of this motion, the Court accepts all well-pleaded factual allegations of Plaintiff's claims as true and construes them in favor of Plaintiff. *See GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). "'The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.'" *Sutton v. Utah State Sch. for the Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (quoting *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991)). A complaint may be dismissed pursuant to Rule 12(b)(6) only if "'it appears beyond doubt that the plaintiff can prove no

set of facts in support of his claim which would entitle him to relief.'" *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

The crux of Plaintiff's claim is that he has a right to drive an automobile in the State of New Mexico without having to obtain a driver's license.[1] However, the law is clear that an individual does not have an absolute fundamental right to operate a motor vehicle on the public highways. *See, e.g., Miller v. Reed*, 176 F.3d 1202, 1205-06 (9th Cir. 1999). Rather, driving is a "mere privilege." *Johnson*, 67 N.M. at 48, 351 P.2d at 453. Since Plaintiff has no such absolute fundamental right to drive a car, the State can require him to obtain a license in order to be allowed to drive. *See Miller*, 176 F.3d at 1205-06 (the state motor vehicle department did not unconstitutionally impede the plaintiff's right to interstate travel by denying him a driver's license); *Lillios v. Justices of N.H. Dist. Court*, 735 F. Supp. 43, 47 (D.N.H. 1990) ("Lillios's federally protected right to drive is not absolute; it must be exercised within the limits established by the state pursuant to its police power"); *Montgomery v. North Carolina Dep't of Motor Vehicles*, 455 F. Supp. 338, 342 (W.D. N.C. 1978), *aff'd by* 599 F.2d 1048 (4th Cir. 1979) ("Revocation of the plaintiff's driver's license did not deprive him of any fundamental constitutional right"). Additionally, a state can require a person to obtain a social security number in order to apply for a driver's license. *Nowlin v. Department of Motor Vehicles*, 53 Cal. App.4th 1529, 1536, 62 Cal. Rptr.2d 409, 414 (Cal. App. 2 Dist. 1997) ("obtaining an SSN is a proper prerequisite to obtaining a driver's license"). I, therefore, find that Plaintiff has failed to state a claim upon which relief can be granted.

---

[1] Non-New Mexico residents are not required to obtain a New Mexico driver's license if they are licensed in their home state or country. NMSA 1978, § 66-5-4(B) (1978). It is not clear if Plaintiff is a resident of New Mexico. He lists a post office box in Red River, New Mexico, as his mailing address but also states at the bottom of his address "In Transient Status."

Accordingly, his complaint is subject to dismissal with prejudice, and his motion for summary judgment should be denied as moot.

Wherefore,

IT IS ORDERED that Defendant's Motion to Dismiss, filed February 11, 2000 *(Doc. 6)*, is **granted**, and this cause is **dismissed** with prejudice.

IT IS FURTHER ORDERED that Plaintiff's motion for summary judgment, filed February 11, 2000 *(Doc. 8),* is **denied** as moot.

DATED this 28th day of February, 2000.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Plaintiff *pro se*:	Doug Scheidt
	Red River, New Mexico

Counsel for Defendant:	John H. Clough
	New Mexico Attorney General's Office
	Albuquerque, New Mexico